UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
HELLEN I. PERRY,

                        Plaintiff,           **ORDER**
- against -                  01 Civ. 3590 (DRH) (WDW)

THE STATE INSURANCE FUND,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**APPEARANCES :**

**HELLEN I. PERRY**
Plaintiff Pro Se
4105 Champion Road
Rock Hill, SC 29730

**NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**
Attorney for Defendant
300 Motor Parkway, Suite 205
Hauppauge, NY 11788
By: Patricia M. Hingerton, Esq.

**HURLEY, District Judge**:

      Plaintiff Hellen I. Perry ("Plaintiff") brought the present action against defendant the New York State Insurance Fund ("Defendant") for violations of Title I and II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") claiming that she was discriminated against based on disability, race, and gender. In a Memorandum and Order dated January 29, 2002 (hereinafter, "Jan. 29 Order"), the Court granted Defendant's motion to dismiss as to all of Plaintiff's claims, denying leave to amend with prejudice.

(*See* Jan. 29 Order at 13.) Plaintiff appealed the Court's dismissal. *See Perry v. The State Insurance Fund*, 83 Fed. Appx. 351, 352 (2d Cir. 2003). The Second Circuit affirmed the dismissal of Plaintiff's Title I ADA claim, Title VII sex discrimination claim, and 42 U.S.C. § 1983 claim. *See id.* at 353. The Second Circuit remanded the case, however, as to Plaintiff's Title II ADA claim, giving her the opportunity to amend the complaint, and vacated this Court's dismissal of the race discrimination claim.

Plaintiff has since filed her fifth amended complaint claiming again that Defendant violated Title II of the ADA and Title VII. Defendant moved for summary judgment as to Plaintiff's two remaining claims on February 14, 2005, but, before Plaintiff had submitted her opposition papers, her attorney moved to withdraw on March 4, 2005. His request was granted and Plaintiff was deemed *pro se* on April 1, 2005. The Court issued a 30-day extension of the briefing schedule. Two weeks later, on April 13, 2005, Plaintiff submitted her opposition papers, and Defendant filed all of the summary judgment papers, in accord with this Court's "Bundle Rule," on May 5, 2005.

In the motion papers, Defendant failed to "serve and file as a separate document, together with the papers in support of the motion, a 'Notice To Pro Se Litigant Opposing Motion For Summary Judgment,'" consistent with Local Rule 56.2. "[T]he absence of such notice or a clear understanding by the *pro se* litigant of the consequences of failing to comply with Rule 56, vacatur of the summary judgment is virtually automatic." *Irby v. New York City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001). Because Defendant did

not provide such notice, the Court denies Defendant's motion for summary judgment without prejudice to renew. Anticipating that the parties will likely submit identical motions, the Court directs the parties to submit a proposed, expedited briefing schedule.

**SO ORDERED.**

Dated: Central Islip, New York
March 23, 2006

/s/
Denis R. Hurley,
United States District Judge